UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRANCE FERGUSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-02332-TWP-CSW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

This matter is before the Court on Petitioner Terrance Ferguson's ("Ferguson") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Dkt. 1). In 2022, Ferguson pled guilty to Count Three: Possession of a Firearm by a Prohibited Person violation of 18 U.S.C. § 922(g)(3). On September 28, 2022 he was sentenced to 24 months imprisonment, to be followed by two years' supervised release. He asks the Court to vacate his guilty plea and sentence arguing that the Government breached the terms of the plea agreement and that his attorney failed to provide constitutionally effective assistance in connection with his plea and sentencing. For the reasons explained in this Order, Ferguson's motion is **denied**.

### I.   THE § 2255 MOTION

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

§ 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Background

In March 2020, a grand jury returned a four-count indictment charging Ferguson with (1) possessing marijuana with intent to distribute; (2) carrying a firearm during and in relation to a drug trafficking crime; (3) possessing a firearm as an unlawful user of a controlled substance; and (4) possessing a firearm as a fugitive from an active arrest warrant. (Crim. Dkt.[1] 13).

Multiple attorneys represented Ferguson over the course of the case.[2] Charles Hayes ("Hayes") was appointed in October 2021. (Crim. Dkt. 71). Four months later, the Court granted Ferguson's motion to proceed *pro se* but designated Hayes as standby counsel. (Crim. Dkt. 105). Three months after that, the Court held a hearing on Ferguson's motion to reappoint Hayes as counsel and his petition to plead guilty pursuant to an agreement with the Government. (Crim. Dkt. 149).

**A.    Plea Agreement**

On March 11, 2020, a four-count Indictment was filed charging Ferguson with Count 1: possession with intent to distribute marijuana; Count 2: carrying a firearm during an in relation to a drug trafficking crime; Count 3: unlawful possession of a firearm by a prohibited person; and Count 4: unlawful possession of a firearm by a prohibited person. Ferguson agreed to plead guilty to Count 3, in exchange for the Government's promise to dismiss the remaining three charges.

---

[1] *United States v. Ferguson*, No. 1:20-cr-00092-TWP-TAB-1.
[2] Before Hayes' representation began, Ferguson was represented by three other attorneys.

(Crim. Dkt. 122 ¶¶ 1–2). His plea agreement was pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and the parties did not agree to a particular sentence. *Id*. The parties stipulated that the base offense level under the Sentencing Guidelines was 14 and that Ferguson would be entitled to a reduction for accepting responsibility. *Id*. The parties each reserved "the right to present evidence and argument regarding any applicable enhancements or reductions." *Id*. ¶ 19.

The parties stipulated to the following factual basis:

> On February 6, 2020, a traffic stop was conducted by Indianapolis Metropolitan Police Department officers on a vehicle driven by Terrance Ferguson. During a probable cause search of the vehicle, a "trap" or hidden compartment was located, containing a loaded Glock pistol, marijuana, baggies, a measuring cup, and a scale. Ferguson knowingly possessed the firearm on February 6, 2020, and admitted to doing so. On February 6, 2020, Ferguson was an unlawful user of a controlled substance, marijuana, and he admitted to being so. The Glock firearm was found to have travelled in interstate commerce, and had been stolen.

*Id.* ¶ 15(a).

**B.      Change of Plea Hearing**

At the change-of-plea hearing, Ferguson testified under oath that he understood the following terms in his plea agreement:

- He could be sentenced to a prison term up to the statutory maximum of ten years. (Crim. Dkt. 149 at 13:6–20).

- The stipulation in the agreement was binding on the parties, but only a recommendation to the Court. *Id*. at 8:19

- His plea would remain binding even if the Court reached Guidelines calculations or entered a sentence different than the parties' recommendations. *Id.* at 14:10–20.

- The parties could present evidence and argument for Guidelines enhancements they had not stipulated to in the agreement. *Id.* at 20:22–21:17.

Following the plea colloquy, Ferguson unequivocally pled guilty, and the Court accepted his plea of guilty. *Id.* at 24:15–25:9.

C.    **Sentencing Recommendations**

A United States Probation Officer prepared a pre-sentence investigation report (PSR), and recommended a base offense level of 14 and a three-level reduction for accepting responsibility—consistent with the parties' stipulation in the plea agreement. The Probation Office also recommended a two-level enhancement because the firearm Ferguson pled guilty to possessing was stolen—which Ferguson admitted in the stipulated factual basis. With a final offense level of 13 and a criminal history category of I, the advisory guidelines calculation resulted in a sentence between 12- and 18-months imprisonment. *See* (Crim. Dkt. 122 ¶¶ 15a, 19; crim. Dkt. 125, ¶¶ 20–30, 64).

The Government filed an objection to the presentence investigation report and argued for an additional four-level enhancement for possessing the firearm in connection with another felony—namely, dealing marijuana. (Crim. Dkt. 129 at 6–8); *see* U.S. Sentencing Commission, *Guidelines Manual*, § 2K2.1(b)(6)(B). The additional four-level enhancement would produce a Guidelines sentencing range of 24–30 months. *Id.*, § 5A.

The Government based its argument partly on facts Ferguson admitted in the stipulated factual basis: the firearm was concealed in a hidden compartment in his vehicle next to small, bagged packages of marijuana, a measuring cup, a scale, and plastic bags.

The Government submitted a Sentencing Memorandum in which it referred to a purported transcript of a phone call Ferguson made after being arrested. (Crim. Dkt. 129-1). The Government argued that the statements Ferguson made in his jail call support that he possessed the marijuana for distribution. The Government proffered that in a jail call, Ferguson tells his brother that law enforcement found his "stuff", he talks about how someone must have given law enforcement information on the trap in his vehicle, and discusses not having the "spray" to conceal the

4

marijuana. (Crim. Dkt. 129 at 7). It is unclear what portions of this discussion indicate that Ferguson possessed the marijuana with intent to sell it.

The Government also added that police officers found the marijuana, firearm, and contraband after witnessing Ferguson make hand-to-hand drug deals outside a gas station. (Dkt. 129 at 1). However, the Government appears to refer to a different search, conducted more than a year after Ferguson was indicted, and which yielded a different firearm. Crim. Dkt. 129-6 (police report of April 23, 2021 traffic stop).

Hayes did not submit a sentencing memorandum for Ferguson.

**D.     Sentencing Hearing**

The sentencing hearing focused largely on the Government's proposed four-level enhancement for possessing the firearm in connection with another felony. The Government reiterated the arguments in its sentencing memorandum. Hayes opposed the enhancement, arguing that the quantity of marijuana found in Ferguson's vehicle was more likely evidence of personal consumption than of distribution. (Crim. Dkt. 146 at 3:25–9:13).

The Court found by a preponderance of the evidence that Ferguson possessed the firearm in connection with the felony of "dealing in marijuana" and therefore the four-level enhancement was applied. The Court acknowledged the Government's representation—which it now recognizes was misplaced—that the firearm was seized after officers witnessed Ferguson making hand-to-hand drug transactions. The Court also addressed, however, the facts that the firearm was stored next to items used in drug trafficking (plastic bags, a scale, a loaded firearm), that Ferguson had $246 in small bills on his person, and that no evidence indicated that he was carrying papers or a pipe as would be necessary to consume the marijuana himself. *Id.* at 9:14–10:23. The Court entered

5

a sentence of 24 months, the lowest sentence in the Guidelines range determined by the Court. *Id.* at 22:8–12.

### III.  ANALYSIS

In his § 2255 motion, Ferguson argues that the Government breached the terms of the plea agreement, that he was punished for dealing marijuana even though he never pled guilty to that charge and was not convicted of it by a jury, and that Hayes did not provide effective assistance at sentencing—particularly with respect to the four-level enhancement. The Government responds that Ferguson procedurally defaulted some of these arguments because he did not raise them on a direct appeal. However, Ferguson's ineffective assistance argument at least overlaps with the merits of the other two, so the Court will address the merits of all three claims while resolving the ineffective assistance argument.

A § 2255 movant claiming ineffective assistance bears the burden of showing (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). It is fundamental that the § 2255 movant faces the burden of demonstrating both deficient performance and prejudice. *See, e.g.*, *Williams v. United States*, 879 F.3d 244, 249 (7th Cir. 2018) ("To demonstrate prejudice, Williams had the burden to show a reasonable probability" of a different outcome "but for the failure by his counsel."). "Only if the petitioner comes forward with 'specific acts or omissions of his counsel that constitute ineffective assistance'" does the Court "consider 'whether these acts or omissions were made outside the wide range of professionally competent assistance.'" *Hutchings*

*v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) (quoting *Berkey v. United States*, 31789 F.3d 768, 772 (7th Cir. 2003)).

A guilty plea "cannot be 'knowing and voluntary' if it resulted from ineffective assistance of counsel." *Hurlow v. United States*, 726 F.3d 958, 967 (7th Cir. 2013). A petitioner who has pled guilty can establish prejudice only by demonstrating "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). For this reason, "[t]he nature of relief secured by a successful collateral challenge to a guilty plea [is] an opportunity to withdraw the plea and proceed to trial." *Padilla v. Kentucky*, 559 U.S. 356, 372–73 (2010).

A defendant who pleads guilty pursuant to an agreement and later claims ineffective assistance "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 372. This inquiry asks not only what the defendant says he would have done if advised competently, but what he would "have done were he a reasonable person." *DeBartolo v. United States*, 790 F.3d 775, 778 (7th Cir. 2015).

### A.    Breach of Plea Agreement

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). Ferguson alleges broadly that he is entitled to relief because the Government failed to honor a promise it made in the plea agreement. However, he does not specify what promise the Government failed to honor. Because his argument is "[p]erfunctory and undeveloped," it is waived. *M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017).

At best, Ferguson implies that the Government breached its promise to dismiss count 1 (possession with intent to distribute marijuana) when it sought and obtained the four-level enhancement for possessing his firearm in connection with another felony (dealing in marijuana). To grant relief on this basis, though, the Court would have to ignore an unambiguous term of the agreement: "The parties reserve the right to present evidence and argument regarding any applicable enhancements or reductions." Crim. Dkt. 122 ¶ 19(b). The Government dismissed the possession-with-intent-to-distribute charge but exercised its right to seek an enhancement based on evidence that Ferguson possessed his firearm in connection with the criminal act of dealing marijuana. Both were proper under the terms of Ferguson's plea agreement. There is no factual basis for the Court to find that the Government breached the plea agreement or that Hayes rendered ineffective assistance by failing to identify and oppose a breach of the agreement.

**B.   Applicability of Enhancement**

Read generously, Ferguson's § 2255 motion argues that the Court could not lawfully have applied the four-level enhancement—and Hayes performed ineffectively by failing to oppose it—because it was based on conduct for which he did not plead guilty and for which he was not found guilty by a jury. This argument fails as a matter of law.

It is true that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Likewise, any fact that increases the statutory minimum or maximum sentence must "be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 570 U.S. 990, 1111–16 (2013).

But neither *Apprendi* nor *Alleyne* extends to Guidelines enhancements. More precisely, the District Judge—not a jury—is responsible for determining whether a Guidelines offense-level

enhancement applies. The District Judge must base that determination on a preponderance of the evidence; the facts underlying the enhancement need not be proven beyond a reasonable doubt or admitted in a guilty plea. *See Guidelines Manual*, § 6A1.3, comment ("The Commission believes that use of a preponderance of the evidence standard is appropriate to meet due process requirements and policy concerns in resolving disputes regarding application of the guidelines to the facts of a case."). Such evidence need not be admissible. *Id.* ("In determining the relevant facts, sentencing judges are not restricted to information that would be admissible at trial."). And the Judge may consider evidence of criminal conduct for which the defendant was not convicted, for which he was not charged, or even for which he was acquitted. *See United States v. Watts*, 519 U.S. 148, 154 (1997) ("[W]e are convinced that a sentencing court may consider conduct of which a defendant has been acquitted.").

To the extent Ferguson argues that the Court could not lawfully apply an enhancement based on conduct that was itself the basis for a charge that was dismissed, he is incorrect. Regardless of the dismissal, the enhancement applied if a preponderance of the evidence demonstrated that Ferguson possessed the firearm in connection with another felony.

And, to the extent Ferguson argues that Hayes performed deficiently by failing to oppose the enhancement on grounds that it was based on conduct that was itself the basis for the dismissed count 1, he is again incorrect. That argument would have failed, and "[f]ailure to raise a losing argument . . . does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996). And Mr. Hayes did present argument opposing the 4-level enhancement. He pointed out that Ferguson admitted to being a daily user of marijuana, and argued the quantity was easily for personal use, and that under Indiana law, the offense would be a misdemeanor.

9

C.      **Merits of Enhancement**

Read generously, Ferguson's § 2255 motion also implies that the Court erred in determining the elements of the level enhancement applied and that Hayes rendered ineffective assistance in opposing that determination. The enhancement applies if the Court finds by a preponderance of the evidence that the defendant:

> used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense.

*Guidelines Manual*, § 2K2.1(b)(6)(B).

The Government argued that the enhancement should apply because the firearm he pled guilty to possessing illegally was hidden in his car near small packages of marijuana, plastic bags, a scale, and a measuring cup; because officers witnessed him making hand-to-hand drug deals immediately before the firearm was found; and because he had an unusually large amount of cash on his person. (*See generally* Dkt. 129). At sentencing, the Court noted that the total amount of marijuana was small and, standing alone, indicative of personal use. (Crim. Dkt. 146 at 10:3–6). Nevertheless, considering the other circumstances, the Court accepted the Government's argument and found that, more likely than not, Ferguson used the firearm in connection with the felonious activity of dealing marijuana. *Id.* at 9:14–10:23.

With the benefit of hindsight, there is at least one argument Hayes could have raised against the enhancement that he did not offer. The Government argued in part that the enhancement applied because officers witnessed Hayes making hand-to-hand drug deals near a gas station on February 6, 2020, the date the firearm he pled guilty to possessing unlawfully was found in his car. Crim. Dkt. 129 at 1. In fact, the Government's argument relied on evidence from three separate incidents.

Ferguson pled guilty to possessing a Glock firearm on February 6, 2020. Crim. Dkt. 122 ¶ 15(a). Neither the probable cause affidavit supporting that charge nor the factual basis for the guilty plea include any evidence of hand-to-hand drug transactions being made before the search that yielded the Glock. *See id.*; crim. Dkt. 2 ¶ 5. Fourteen months later, officers witnessed Ferguson making hand-to-hand drug deals near a gas station, pulled him over, and found marijuana and ammunition but no firearm. Crim. Dkt. 129-5. Eleven days after that incident, officers observed Ferguson making hand-to-hand drug deals near a liquor store, pulled him over, and found marijuana and a Canik handgun. Crim. Dkt. 129-6.

In short, the Government argued that Ferguson was subject to the four-level enhancement because he possessed the Glock while carrying out drug deals at a gas station. In fact, he possessed the Glock and was charged; he carried out drug deals at a gas station more than a year later; and he carried out drug deals with a different firearm in a third incident.

That discrepancy would not necessarily have precluded application of the four-level enhancement, which applies if the defendant "used or possessed *any* firearm . . . in connection with another felony offense." *Guidelines Manual*, § 2K2.1(b)(6)(B). However, if the firearm the defendant is convicted of possessing (in this case, the Glock) is not the same firearm used in the other offense (in this case, the Canik), the Court must find that the two offenses—possessing the first firearm, and then the felony committed with the second firearm—were "part of the same course of conduct or common scheme or plan." *Id.*, Application Note 14(E). The Government made no effort to demonstrate that Ferguson's criminal acts in February 2020 and his criminal acts in April 2021 were part of one course of conduct, common scheme, or plan, and the Court made no findings to that effect. Accordingly, on this argument, Hayes would have had a strong basis for objecting.

Nevertheless, the Court cannot find that Hayes prejudiced Ferguson by failing to raise any of these arguments. Ferguson stipulated that the Glock was hidden in a compartment alongside "marijuana, baggies, a measuring cup, and a scale." (Crim. Dkt. 122, ¶ 15(a)). Those facts alone make it more likely than not that Ferguson possessed marijuana with intent to distribute it—a felony—at the time he possessed the Glock.

As the Court explained at sentencing, Ferguson was found with only a small amount of marijuana, but the fact that it was found in the same hidden compartment as a measuring cup and a scale—and without rolling papers, a pipe, or any other means of smoking the marijuana—strongly suggest he intended to sell the marijuana, not that he purchased it to consume. The enhancement was correctly applied, and there is not a reasonable probability that the Court would have rejected the enhancement had Hayes raised any of the counterarguments laid out above.

**D.     Failure to Advise Regarding Possibility of Enhancement**

Finally, Ferguson argues that Hayes deprived him of effective assistance by failing to advise him before pleading guilty that he was subject to the four-level enhancement for possessing a firearm in connection with another felony. But this argument fails. Assuming for the sake of argument that Hayes never considered the enhancement, Ferguson cannot demonstrate prejudice. Taking for granted that the enhancement would apply, it would not have been rational for Ferguson or any other defendant in his shoes to reject the Government's plea offer and insist on standing trial. *Padilla*, 559 U.S. at 372; *DeBartolo*, 790 F.3d at 778.

Ferguson pled guilty after testifying that he understood that the Government could advocate for sentencing enhancements and that he could face up to ten years in prison. Crim. Dkt. 149 at 13:6–20, 20:22–21:17, 24:15–25:9. "[R]epresentations made to a court during a plea colloquy are presumed to be true." *Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) (citation and

12

internal quotation marks omitted); *see also United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). ("[A] defendant has no chance of success on appeal when the judge elects to treat freely given sworn statements as conclusive. Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard."). Therefore, Ferguson cannot argue now that his plea was not knowing and voluntary because he did not understand that he could face the sentence of 24 months that he received.

Ferguson was in fact guilty of possessing a firearm unlawfully as a drug user. He does not argue otherwise. Had he proceeded to trial, he would have been convicted of at least that charge. Moreover, Ferguson's drugs were found in a hidden compartment in his vehicle next to evidence strongly suggesting that he was engaged in dealing marijuana. For the reasons set out in Part III(C) above, the four-level enhancement would have applied whether he pled guilty with the benefit of an agreement or whether he was convicted at trial. Rejecting the plea agreement and proceeding to trial could not have benefitted Ferguson. Had he been thoroughly advised about the four-level enhancement before he pled guilty, Ferguson—and every rational defendant in his position—would have recognized that he could not avoid it any better by standing trial than by pleading guilty.

If Ferguson rejected the plea offer, he also would have faced three additional charges at a trial, increasing his overall potential for prison time. Even assuming the best-case scenario—that he was acquitted of every charge except the unlawful possession charge to which he pled guilty—he still would have faced a higher Guidelines sentencing range than the one he received. If Ferguson went to trial, he would have been subject to every sentencing enhancement the Court ultimately applied. By pleading guilty, he secured a three-level reduction for accepting responsibility.

13

Rejecting the plea offer and going to trial would not have opened the possibility that Ferguson might avoid prison time all together. It would not have opened the possibility that he might avoid a sentencing enhancement he ultimately received. He could not realistically have come out of a trial with less potential prison time or a lower Guidelines range than he faced after pleading guilty. On the other hand, rejecting the plea offer would have exposed him to multiple additional convictions and more prison time, and it would have foreclosed the acceptance-of-responsibility reduction that ultimately benefitted him. No rational, properly advised defendant in his position would have rejected the offer and insisted on standing trial.

## IV. CONCLUSION

For the reasons explained above, Ferguson's 28 U.S.C. § 2255 motion is **DENIED**. This case is **dismissed with prejudice**. The **clerk is directed** to **enter final judgment** in this case, **terminate** the pending § 2255 motion, Crim. Dkt. [138] in Case No. 1:20-cr-00092-TWP-TAB-1, and to **docket** copies of this order in both cases.

## V. DENIAL OF CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Ferguson has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 1/26/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

TERRANCE FERGUSON
6017 Cheshire Road
Apt. C
Indianapolis, IN 46241

Pamela S. Domash
DOJ-USAO
pamela.domash@usdoj.gov

15